UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60023-CIV-ALTONAGA/O'Sullivan

**CARL'S FURNITURE, INC.**,

    Plaintiff,
v.

**APJL CONSULTING, LLC**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Carl's Furniture, Inc.'s ("Plaintiff[']s]") Motion to Remand . . . ("Motion") [ECF No. 15], filed January 21, 2015. On February 11, 2015, Defendant, APJL Consulting, LLC ("APJL"), filed its Response . . . [ECF No. 26] ("Response"). On February 23, 2015, Plaintiff filed a Reply . . . ("Reply") [ECF No. 31]. The Court has carefully reviewed the parties' written submissions, the record, and applicable law.

### I. BACKGROUND

To facilitate the closing of three of its furniture stores in Broward County, Florida, Plaintiff, a Florida corporation, entered into an Agency Agreement with APJL, a Virginia limited liability company, under which APJL would be Plaintiff's exclusive agent in conducting sales and auctions of Plaintiff's merchandise, furnishings, fixtures, and equipment. (*See* Compl. [ECF No. 1-2] ¶¶ 4–5, 9–10).[1] The Agency Agreement, together with the Agency Agreement Amendment, permitted APJL to sell its own merchandise at the three stores as well. (*See id.*

---

[1] Because the Motion requests this case be remanded to state court, the facts have been construed in the light most favorable to Plaintiff. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

¶ 11). Given APJL conducted the sales of its own and Plaintiff's merchandise, the parties agreed sales proceeds belonging to APJL would be accounted for separately from sales proceeds belonging to Plaintiff. (*See id.* ¶ 12).

APJL "was exclusively placed in charge of conducting and accounting for the sales of Plaintiff's merchandise, furnishings, fixtures and equipment." (*Id.* ¶ 35). Defendant, Allen Parvizian ("Parvizian"), a resident of Virginia and employee of APJL, had "the contractual obligation to orchestrate, supervise and account for all sales in all store locations." (*Id.* ¶¶ 6, 16, 18). Defendants, Luis Melendez, Sr. and Luis Melendez, Jr. (collectively, the "Melendez Defendants"), both residents of Florida and employees of APJL, assisted Parvizian in conducting sales of APJL's and Plaintiff's merchandise and in accounting for the sales proceeds. (*See id.* ¶¶ 7–8, 17–20). Pursuant to the Agency Agreement, APJL established and maintained various accounts to manage its own and Plaintiff's funds. (*See id.* ¶¶ 21–23). APJL was further charged with giving Plaintiff weekly sales reconciliations and, at the end of a sales term, a final sales reconciliation. (*See id.* ¶ 24).

Upon conducting an independent investigation, Plaintiff discovered APJL miscredited Plaintiff's furniture auction sales to APJL's account. (*See id.* ¶¶ 26, 31). Further, despite Plaintiff's demands, APJL has refused to provide certain accountings and sales reconciliations. (*See id.* ¶¶ 28, 30, 38). Plaintiff therefore filed suit in state court on November 10, 2014. (*See generally* Compl.). In Count I, Plaintiff asserts a breach of contract claim against APJL for failure to provide accountings and reconciliations as well as failure to credit Plaintiff the sales proceeds from Plaintiff's merchandise. (*See id.* ¶¶ 29–33). Based on this same general set of facts, Count II seeks an accounting against APJL. (*See id.* ¶¶ 34–40). In Count III, Plaintiff seeks damages for deceit against APJL, Parvizian, and the Melendez Defendants for intentionally

and falsely recording sales as credited to APJL when in fact they should have been credited to Plaintiff. (*See id.* ¶¶ 41–48). In Count IV, Plaintiff asserts a claim against Parvizian for breaching a letter agreement in connection with a bankruptcy proceeding. (*See id.* ¶¶ 49–54).

APJL filed its Notice of Removal ("Notice") [ECF No. 1] on January 5, 2015, asserting subject matter jurisdiction pursuant to the Court's diversity jurisdiction on the basis of the Melendez Defendants' fraudulent joinder. (*See* Notice 3–4). In the Motion, Plaintiff requests this case be remanded to state court because Plaintiff has stated a colorable claim for deceit against the Melendez Defendants. (*See generally* Mot.). Plaintiff does not contest the damages it seeks exceed $75,000, and APJL does not assert any basis for jurisdiction other than diversity of the parties' citizenship. (*See* Notice 3–4).

## II. LEGAL STANDARDS

### A. Request for a Remand

Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently. The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### B. Complete Diversity and Fraudulent Joinder

District courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. *See* 28 U.S.C.

§ 1332(a)(1). Diversity jurisdiction requires complete diversity, meaning that every plaintiff must be diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). A corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1) (alterations added). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2).

Courts have recognized an exception to the complete diversity requirement in cases where a non-diverse party has been fraudulently joined. *See Triggs*, 154 F.3d at 1287. Where a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists. *See Russell Petro. Corp. v. Environ Prods., Inc.*, 333 F. Supp. 2d 1228, 1231 (M.D. Ala. 2004). In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter to state court. *See Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). The Eleventh Circuit has identified three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; (2) where a plaintiff has pled fraudulent jurisdictional facts to bring the resident defendant into state court; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability, and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *See Triggs*, 154 F.3d at 1287 (citations omitted).

As with any request for a remand, the removing party bears the burden of demonstrating fraudulent joinder, *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation

omitted), and must do so by clear and convincing evidence, *see Henderson*, 454 F.3d at 1281 (citation omitted). All factual allegations must be resolved in the light most favorable to the plaintiff. *See Crowe*, 113 F.3d at 1538. "Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citations omitted). Further, the claims against those defendants who are alleged to be fraudulently joined must be obviously frivolous, and the mere possibility of stating a valid cause of action makes joinder legitimate. *See Accordino v. Wal-Mart Stores East, L.P.*, No. 3:05CV761J32MCR, 2005 WL 3336503, at *2 (M.D. Fla. Dec. 8, 2005) (citations omitted).

### III. ANALYSIS

Plaintiff asserts the Melendez Defendants were properly joined as parties to this litigation, as Plaintiff has pleaded a colorable claim for deceit against them. (*See* Mot. 3). Plaintiff also requests attorney's fees and costs "for defending this removal action." (*Id.* 7). APJL argues only the first basis for a finding of fraudulent joinder: that Plaintiff has failed to demonstrate he has a viable claim for deceit against the Melendez Defendants. (*See generally* Resp.). To prevent remand, APJL must show "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (quoting *Crowe*, 113 F.3d at 1538).

Under Florida law, "[i]n an action for fraud and deceit, a plaintiff must allege with reasonable certainty that 1) the defendant made a representation on which the plaintiff was meant to act; 2) the defendant knew the representation was false; and 3) the plaintiff relied on the representation to his detriment." *Schauer v. Gen. Motors Acceptance Corp.*, 819 So. 2d 809, 813–14 (Fla. 4th DCA 2002) (alteration added) (citing *Am. Int'l Land Corp. v. Hanna*, 323 So.

5

2d 567, 569–70 (Fla. 1975)). APJL asserts two main reasons why there is no possibility Plaintiff can establish a deceit claim against the Melendez Defendants. First, APJL relies on the economic-loss rule and common-law contract principles to argue the deceit claim is not separate or distinct from the breach of contract claim and therefore must fail as a matter of law. (*See* Resp. 6–9). Second, APJL contends, assuming the Melendez Defendants could be liable for deceit, Plaintiff has failed to properly plead a deceit claim against them. (*See id.* 9–11).

### A. The Legal Basis of the Deceit Claim

As to APJL's first argument, APJL has failed to cite any case in which a court ruled a plaintiff could not assert a deceit claim against an employee of a company because the deceit claim was not separate or distinct from a breach of contract claim asserted against the company. Further, the authority APJL cites fails to show it is impossible for Plaintiff to prevail on its deceit claim. APJL cites several federal cases in which the court, relying on Justice Pariente's concurrence in *Tiara Condominium Association, Inc. v. Marsh & McLennan Cos.*, 110 So. 3d 399 (Fla. 2013), held or suggested a tort claim was not proper against a defendant because the allegations of the tort claim were not separate or distinct from allegations that would give rise to a breach of contract claim. (*See* Resp. 6–7). In each case, however, the court relied on the fact the plaintiff was in contractual privity with the defendant. *See Kaye v. Ingenio, Filiale De Loto-Quebec, Inc.*, No. 13-61687-CIV, 2014 WL 2215770, at *3–5 (S.D. Fla. May 29, 2014); *Alhassid v. Bank of America, N.A.*, No. 14-CIV-20484, 2014 WL 6480656, at *12, 19 (S.D. Fla. Nov. 17, 2014); *Altenel, Inc. v. Millenium Partners, L.L.C.*, 947 F. Supp. 2d 1357, 1369–70 (S.D. Fla. 2013); *Freeman v. Sharpe Res. Corp.*, No. 6:12-CV-1584-ORL-22TBS, 2013 WL 2151723, at *7–8 (M.D. Fla. May 16, 2013); *Stonecreek-AAA, LLC v. Wells Fargo Bank N.A.*, No. 1:12-CV-23850, 2013 WL 5416970, at *6–7 (S.D. Fla. Sept. 26, 2013). Plaintiff, in contrast, is not in

contractual privity with the Melendez Defendants. Thus, these cases alone do not control the outcome of Plaintiff's deceit claim.

Indeed, Plaintiff argues a different principle of law supports its deceit claim against the Melendez Defendants: "officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." (Mot. 4 (citing *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005))). In response, APJL cites *Ben-Yishay v. Mastercraft Dev., LLC*, in which a federal court applied the economic-loss rule to hold a plaintiff's fraudulent misrepresentation claim was barred as not independent from a breach of contract claim, even though the plaintiff and defendant were not in contractual privity. (*See* Resp. 7 (citing 553 F. Supp. 2d 1360, 1370–71 (S.D. Fla. 2008))).[2] It is now unclear whether the *Ben-Yishay* court's reliance on the economic-loss rule remains sound, as the Florida Supreme Court has since limited the economic-loss rule to the products-liability context. *See Tiara Condo. Ass'n*, 110 So. 3d at 406 (noting "a number of exceptions . . . continue to extend the application of the rule beyond our original intent" (alteration added)); *see also Marian Farms, Inc. v. Suntrust Banks, Inc.*, 135 So. 3d 363, 363–64 (Fla. 5th DCA 2014) (reversing trial court's dismissal of independent tort claims between parties in contractual privity in light of the intervening decision in *Tiara Condominium*). And although Justice Pariente's concurrence in *Tiara Condominium* suggests the court's decision in *Ben-Yishay* might still hold, *see Tiara Condo. Ass'n*, 110 So. 3d at 408–10, the Florida Supreme Court has not adopted Justice Pariente's concurrence as controlling law. Furthermore, the court in *Ben-Yishay* relied on a Florida appellate court decision that explicitly noted "[n]o Florida court

---

[2] Defendant also argues *White* is inapposite because "[t]he court in *White* made clear that the employee owed a duty directly to the plaintiff" (Resp. 7), but the court made that finding with respect to a negligence claim. *See White*, 918 So. 2d at 358. Florida courts have applied the same principle on which the court in *White* relied to causes of action without a "duty" element. *See, e.g.*, *Roth v. Nautical Eng'g Corp.*, 654 So. 2d 978, 979–80 (Fla. 4th DCA 1995) (fraud in the inducement).

has expressly addressed the interplay between these general tort principles [of employee individual liability] and the economic loss rule." *Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs., Inc.*, 974 So. 2d 1176, 1180 (Fla. 5th DCA 2008) (alterations added). In sum, the authorities Plaintiff and APJL rely on are in tension, but in deciding the Motion, the Court must "resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380 (citation omitted). The cases APJL cites do not show it is impossible for Plaintiff to prevail on its deceit claim.

APJL also points to the indemnity provision of the Agency Agreement, under which APJL agrees to indemnify Plaintiff for "gross negligence (including omissions) or willful misconduct of [APJL], its officers, directors, employees, agents or representatives." (Resp. 8 (internal quotation marks and citation omitted)). According to APJL, the indemnity provision shows the misconduct underlying the claim for deceit is not separate or apart from the breach of contract claim. (*See id.* 8–9). But the fact APJL agreed to indemnify Plaintiff does not mean any claim incident to their relationship is necessarily intertwined with a breach of contract claim.

In tandem with its case-law argument, APJL offers a pleadings-based argument, asserting the face of the Complaint reveals the deceit claim is not separate or distinct from the breach of contract claim but rather is based entirely on the Agency Agreement. According to APJL, the fact the deceit claim "reincorporates and realleges" five of the allegations made in the breach of contract claim erases any credible argument the deceit claim is independent. (*Id.* 6, 8). APJL further argues Plaintiff's allegations APJL acted "by and through the conduct of" the Melendez Defendants are "clear admissions that actions of the Melendez Defendants were in furtherance of APJL's obligations under the Agency Agreement." (*Id.*). Yet, and again, in deciding a motion to remand, the Court "must evaluate factual allegations in the light most favorable to the

8

plaintiff." *Pacheco de Perez*, 139 F.3d at 1380 (citation omitted). A fair reading of the Complaint shows the deceit claim against the Melendez Defendants is separate and distinct from the breach of contract claim against APJL.

### B. Pleading the Deceit Claim

APJL's second argument the allegations of the Complaint do not support a claim for deceit against the Melendez Defendants is also unavailing. (*See* Resp. 9–11). According to APJL, "there are no specific allegations as to what the Melendez Defendants said or did to induce any action on the part of the Plaintiff." (Resp. 9). However, "[w]hen multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe*, 113 F.3d at 1539 (alteration added). Although the Complaint's allegations may at times attribute certain actions to more than one party, the Complaint's allegations are specific enough to put the Melendez Defendants on notice. (*See generally* Compl.; *see also* Mot. 6–7).

Moreover, federal courts have remanded cases in situations where it is unclear whether the claims against the purportedly fraudulently joined party would survive a motion to dismiss filed in state court. *See, e.g.*, *Henderson*, 454 F.3d at 1284 (holding remand was proper even though plaintiff's allegations were "patchy" and "may ultimately prove insufficient"); *Johnston Indus., Inc. v. Milliken & Co.*, 45 F. Supp. 2d 1308, 1314 (M.D. Ala. 1999) (remanding and noting "a state court motion to dismiss is the proper procedural vehicle" to determine whether a party was fraudulently joined). In one instance, the court remanded a case with a fraud and deceit claim because, although the claim appeared "inartfully" pleaded, "[t]he demonstration of fraudulent joinder . . . requires more than the demonstration of an inartfully pleaded or even an improbable claim against the non-diverse party. Fraudulent joinder requires demonstration of an

irredeemably defective claim." *Leonhardt v. Geico Cas. Co.*, No. 8:11-CV-1988-T-23TBM, 2011 WL 5359840, at *2 (M.D. Fla. Oct. 28, 2011) (alterations added); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 246–48 & n.6 (5th Cir. 2000) (remanding case to state court despite the complaint's failure to allege fraud with sufficient particularity). All Plaintiff need demonstrate is that its claim against the Melendez Defendants has some legal basis and is not strictly a tactical tool to defeat removal. Plaintiff has made such a demonstration here.

Based on Plaintiff's allegations, the Court finds the Complaint states a colorable claim of deceit against the Melendez Defendants. Put differently, APJL has failed to meet its burden of demonstrating there is no possibility Plaintiff can establish a cause of action for deceit against the Melendez Defendants. *See Triggs*, 154 F.3d at 1287 (finding a plaintiff "need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate").

### C. Request for Attorney's Fees

In addition to pursuing remand, Plaintiff requests APJL pay the attorney's fees incurred in seeking a remand of this action. (*See* Mot. 7). An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award attorney's fees "is solely in the discretion of the court." *Poll v. Deli Mgmt., Inc.*, No. 1:07-CV-0959-RWS, 2007 WL 2460769, at *8 (N.D. Ga. Aug. 24, 2007) (citations omitted). However, "awarding [attorney's] fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under [section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (alterations added).

Applying this standard, the Court finds an award of attorney's fees is inappropriate.

Although the standard for removal on the basis of fraudulent joinder is a demanding one, the Court cannot say APJL's basis for seeking removal was not objectively reasonable in light of the arguments and evidence presented. *See Abrams v. Olin Corp.*, 248 F.R.D. 283, 292–93 (S.D. Ala. 2007) (finding defendant's removal of the action was objectively reasonable and declining to award plaintiff attorney's fees despite the defendant's failure to carry its heavy burden of proving fraudulent joinder).

### IV. CONCLUSION

"In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Crowe*, 113 F.3d at 1542. APJL has not carried its burden of showing the Melendez Defendants were fraudulently joined. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion **[ECF No. 15]** is **GRANTED in part** as follows:

1. The case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

2. Plaintiff's request for attorney's fees is **DENIED**.

3. The Clerk of Court is instructed to **CLOSE** the case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 30th day of March, 2015.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record